UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VERMONT MUTUAL INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   2:19-cv-00262-JAW ) |
| PAUL KENDRICK, | ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFF'S PROPOSED REDACTIONS**

In response to the Court's order, an insurer involved in a lawsuit against an insured filed a set of proposed redacted documents.  The Court observes that the prior reasons offered by the insurer for substantial redaction are likely moot due to settlements in this case and an underlying state litigation.  Therefore, the Court reserves judgment on the proposed redactions and orders that the insurer file a memorandum explaining why such substantial redaction remains appropriate.

**I.    BACKGROUND**

On June 10, 2019, Vermont Mutual Insurance Co. (Vermont Mutual) filed a complaint against Paul Kendrick.  *Compl.* (ECF No. 1).  On that same day, Vermont Mutual filed a motion to seal its Complaint.  *Mot. for Leave to File Under Seal* (ECF No. 4) (*Mot. to Seal*).  On June 12, 2019, the Magistrate Judge denied the motion to seal.  *Order Den. Mot. to Seal* (ECF No. 6) (*Magistrate Judge's Order*).  On June 25, 2019, Vermont Mutual objected to the Magistrate Judge's order, primarily based on privilege and prejudice concerns.  *Pl.'s Obj. to Magistrate Judge's Order* (ECF No. 7)

(*Pl.'s Obj.*).[1]  On September 6, 2019, Mr. Kendrick and Vermont Mutual filed a stipulation of dismissal, dismissing this case with prejudice. *Stipulation of Dismissal with Prejudice* (ECF No. 15) (*Stip. of Dismissal*).  Also on September 6, 2019, the Court affirmed the Magistrate Judge's order and overruled Vermont Mutual's objections, noting that "[i]n civil cases, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record." *Order re Obj. to Order on Mot. to Seal* (ECF No. 16) (quoting *Flanders v. Maine*, Nos. 12-cv-00277-JAW, 12-cv-00278-JAW, 12-cv-00262-JAW, 2019 WL 2929500, at *2 (D. Me. July 8, 2019)).  The Court ordered the parties "to file proposed redacted versions of all documents docketed under seal in this case for the Court's review by September 20, 2019." *Id.*

On September 20, 2019, Vermont Mutual filed proposed redacted copies of its Complaint (ECF No. 1), Mr. Kendrick's Answer (ECF No. 11), its Motion for Leave to File Under Seal (ECF No. 4), its Motion for Stay of Deadline (ECF No. 8), and its Objection to Magistrate Judge's Order (ECF No. 7). *Pl.'s Proposed Redacted Compl.*; *id.*, Attachs. 1-4 (ECF No. 17).

Vermont Mutual's proposed redactions run far beyond the redactions of personal identifying information permitted by Local Rule 7A and Federal Rule of Civil Procedure 5.2.  Instead, Vermont Mutual blacked out whole pages of documents that it and Mr. Kendrick filed in federal court.  While some of the redacted allegations

---

[1] Vermont Mutual also objected based on procedural concerns related to Mr. Kendrick's opportunity to respond to its motion to seal. *Id.* at 4-6. However, given the Court's order affirming the Magistrate Judge's order, this objection is moot.

may be embarrassing or unpleasant to Vermont Mutual or Mr. Kendrick, embarrassment or unpleasantness are not proper bases for denying the right of public access to publicly-filed legal documents. Moreover, the attorneys for the parties framed the allegations in the filings, and the allegations were presumably made in good faith and grounded in fact. Counsel elected to file the documents in federal court, knowing that the federal courts are public venues that typically do not countenance a secret docket known only to the parties and the court.

## II.  LEGAL STANDARD

"[T]here is a strong common law presumption favoring public access to judicial proceedings and records," *In re Salem Suede, Inc.*, 268 F.3d 42, 45 (1st Cir. 2001), "rooted in a desire to 'allow[] the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.'" *Eil v. U.S. Drug Enf't Admin.*, 878 F.3d 392, 398 (1st Cir. 2017) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)). "In civil cases, 'the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record.'" *Flanders*, 2019 WL 2929500, at *2 (quoting *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995)). "[T]he common law presumption [of the public's right to inspect judicial records] does not encompass discovery materials. The courts have not extended it beyond materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).

"Though the public's right of access is vibrant, it is not unfettered. Important counterveiling interests can, in given instances, overwhelm the usual presumption and defeat access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). The First Circuit has stated:

> When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access."

*Id.* (citation omitted) (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)).

A court may order that a "filing be made under seal without redaction," FED. R. CIV. P. 5.2(d); however, the First Circuit requires that the district court first "determine whether the parties have offered sufficient justification for sealing, and . . . articulate the reasons for its decision." *Kravetz*, 706 F.3d at 61. "[R]edaction remains a viable tool for separating [information that may legitimately be sealed] from that which is necessary to the public's appreciation of" the decision reached by the Court. *Id.* at 63.

### III. ANALYSIS

The redactions suggested by Vermont Mutual pose the same overbreadth problem the Magistrate Judge and the Court identified in prior orders, and Vermont Mutual has failed to advance any convincing countervailing argument in favor of such a wholesale redaction. Vermont Mutual has itself acknowledged that "the allegations in the Complaint are based on non-privileged and non-protected information . . .."

*Mot. to Seal* at 6; *see also Pl.'s Obj.* at 6 (same).  Its privilege argument, therefore, seems based on speculative assertions of privilege as to information it says "will undoubtedly come into play in this litigation . . .." *Pl.'s Obj.* at 6.  Regardless of the questionable merits of such an argument, the Court is unclear on why the dismissal of this case, *Stip. of Dismissal*, does not render it moot.  Privileged information seems unlikely to come into play in this litigation because there will be no further proceedings on the merits of the case.

Additionally, the other argument made by Vermont Mutual—that public release of information related to its dispute with Mr. Kendrick would prejudice Mr. Kendrick's defense in an underlying state action, *Pl.'s Obj.* at 9-10—seems moot.  It appears the claims in the underlying state litigation, *Hearts With Haiti, Inc. v. Kendrick*, No. PORSC-CV-2016-00313 (Me. Super. Ct.), have also been resolved by settlement.  *See* David Sharp, *Defamation Lawsuit in Maine over Haiti Sex Abuse Claim Settled*, ASSOCIATED PRESS (Sept. 8, 2019), https://www.pressherald.com/2019/09/08/defamation-lawsuit-in-maine-over-haiti-sex-abuse-claim-settled/. Disregarding again the uncertain merits of this argument, the Court is unsure of how Mr. Kendrick's defense in that dismissed action could be prejudiced by release of the non-privileged material contained in the record in this case.

Vermont Mutual seeks to substantially redact judicial records, but—in the Court's view—has not offered a "compelling reason[]" sufficient to mitigate the "presumptive public right of access" to such documents.  *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013).  For this reason, the Court requires Vermont Mutual to

file a memorandum with the Court confirming the settlement of the state litigation and explaining why such wholesale redaction continues to be appropriate.

On this issue, the Court cautions Vermont Mutual and Mr. Kendrick that it takes seriously the right of public access to federal court proceedings and it currently sees no basis for any of the parties' proposed redactions. This is now the third order from the Court in this case concerning the right of public access. Unless the parties present a convincing legal case for redaction, the Court intends to unseal all the documents the parties filed with the Court in this matter. If Vermont Mutual and Mr. Kendrick contend that a specific statement in the filed documents should be redacted, they must specify why the law permits the specific redaction. With rare exceptions that do not appear applicable in this case, this is what the law requires of the Court to redact or seal any publicly-filed information other than personal identifiers. *Kravetz*, 706 F.3d at 60 ("[U]pon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so" (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998))). In short, the Court will give the parties one last chance to present a convincing case for any redaction.

### IV. CONCLUSION

The Court RESERVES JUDGMENT on Vermont Mutual's Proposed Redacted Complaint and Attachments (ECF No. 17) and ORDERS that Vermont Mutual file a

memorandum explaining why sealing remains appropriate by October 25, 2019.

    SO ORDERED.

                                       /s/ John A. Woodcock, Jr.
                                       JOHN A. WOODCOCK, JR.
                                       UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2019