UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VERMONT MUTUAL INSURANCE CO., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PAUL KENDRICK, )<br>)<br>    Defendant. ) | 2:19-cv-00262-JAW |

**ORDER ON CONTINUED SEALING**

On October 11, 2019, citing *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) and other First Circuit authority, the Court issued an order requiring that either of the parties, if they believed continued sealing or redaction of documents in this litigation remained appropriate, file a memorandum with the Court by October 25, 2019, explaining "why the law permits" continued sealing or redaction. *Order on Pl.'s Proposed Redactions* at 6 (ECF No. 18) (*Order*).[1] The Court cautioned both parties "that it takes seriously the right of public access to federal court proceedings and it [saw] no basis for any of the parties' proposed redactions" and that "[u]nless the parties present[ed] a convincing legal case for redaction, the Court intend[ed] to unseal all the documents the parties filed with the Court in this matter." *Id.*

On October 22, 2019, Vermont Mutual Insurance Co. (Vermont Mutual) filed a memorandum with the Court stating that it "does not object to the unsealing of the record and withdraws its proposed redactions" but "takes no position" on any request

---

[1]   The procedural history related to this issue is laid out in the Court's October 11, 2019, order, *Order* at 1-3, and the Court assumes familiarity with that history.

for redaction or sealing that Mr. Kendrick might make. *Mem. Regarding Continued Sealing* at 1 (ECF No. 19) (*Vermont Mut.'s Mem.*).

On October 23, 2019, Mr. Kendrick filed a memorandum with the Court requesting that "the record in this case remain under seal" because the Complaint "contains allegations that are factually inaccurate and contains statements that are defamatory" and "interactions between Paul Kendrick and [Vermont Mutual] . . . are not a matter of public interest or concern." *Def.'s Mem. Regarding Continued Sealing of the Ct. R.* at 1-2 (ECF No. 20) (*Def.'s Mem.*).

The Court begins by noting that Mr. Kendrick's memorandum—which contains no citations to any caselaw, statute, or legal principle—does not comply with the requirements set out by the Court's October 11, 2019, order. The Court observed that the First Circuit requires a trial court to "articulate on the record [its] reasons" for sealing information filed in federal court. *Id.* (quoting *Kravetz*, 706 F.3d at 60 (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998))). The Court gave the parties "one last chance to present a convincing case for any redaction." *Id.*

Mr. Kendrick did not attempt to present a case for redaction. His memorandum consists of only five paragraphs, three of which set forth the background of the issue. In the fourth and fifth paragraphs, Mr. Kendrick states:

> 4. Defendant Paul Kendrick requests that the Vermont Mutual Insurance Company Complaint remained sealed, because it is the position of Defendant Paul Kendrick that the Vermont Mutual Insurance Company Complaint contains allegations that are factually inaccurate and contains statements that are defamatory. In addition, interactions between Paul Kendrick and his homeowner insurer, which is the subject of this lawsuit, are not matters of public interest or concern.

>    5. Counsel for Plaintiff, Vermont Mutual Insurance Company, has stated that he does not object to Defendant's Motion to keep the record of this case under seal.

*Def.'s Mem.* ¶¶ 4-5.

Preliminarily, Mr. Kendrick's statement of Vermont Mutual Insurance Company is not entirely consistent to the way Vermont Mutual described its position. Vermont Mutual stated that "[i]f Mr. Kendrick does request continued sealing and/or redaction, [Vermont Mutual] takes no position on Mr. Kendrick's request." *Vermont Mut.'s Mem.* at 1. There is a difference between not objecting and taking no position.

Mr. Kendrick's first concern is that the Complaint in this case "contains allegations that are factually inaccurate and contains statements that are defamatory." *Def.'s Mem.* at 1-2. The Court expresses no view about whether Vermont Mutual's allegations are true. Under the law, however, even if a party makes inaccurate or potentially defamatory statements in filings with a federal court, the law does not recognize an exception to the right of public access for unpleasant or embarrassing allegations and such allegations do not provide a legitimate basis for sealing under the principles the First Circuit laid out in *United States v. Kravetz* and related caselaw. *Kravetz*, 706 F.3d at 59 (stating that "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access" (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)); *see also Order* at 2-3 ("While some of the redacted allegations may be embarrassing or unpleasant to Vermont Mutual or Mr. Kendrick, embarrassment or unpleasantness are not proper bases for denying the right of public access to publicly-

filed legal documents"). The Court is aware of no caselaw that would support such a proposition, and Mr. Kendrick provided none.

Mr. Kendrick's second justification for sealing is that "interactions between Paul Kendrick and [Vermont Mutual] . . . are not a matter of public interest or concern." *Def.'s Mem.* at 2. Though interactions between the parties about their rights and obligations under an insurance contract do not begin as matters of public concern, their dispute becomes a matter of public concern once one of the parties files a lawsuit in federal court. *See Flanders v. Maine*, Nos. 12-cv-00277-JAW, 12-cv-00278-JAW, 12-cv-00262-JAW, 2019 WL 2929500, at *2 (D. Me. July 8, 2019) ("In civil cases, 'the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record'" (quoting *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995))). In other words, the private dispute became public once Vermont Mutual filed its Complaint in federal court. Again, the Court is aware of no caselaw suggesting that the interactions between parties described in a document filed with a federal court should be sealed simply because one party maintains that they "are not a matter of public interest or concern," and Mr. Kendrick provided none.

Although the Court is sympathetic with Mr. Kendrick's dilemma in being unable to sequester away from the public allegations he considers untrue or defamatory, the basic problem with sealing an entire case or with allowing heavily redacting filings is that the public will not know what is happening in its own courts. *Kravetz*, 706 F.3d at 52 ("Court have long recognized 'that public monitoring of the

judicial system fosters the important values of quality, honesty and respect for our legal system.'" (quoting *Providence Journal*, 293 F.3d at 9 (quoting *Siedle v. Putnam Invs.*, 147 F.3d 7, 10 (1st Cir. 1998))). If there is an argument to be made for sealing (and the Court does not know what it would be), Mr. Kendrick has not made it.

The Court DENIES Paul Kendrick's request for Continued Sealing of the Court Record (ECF No. 20) and ORDERS that the Clerk of Court unseal all the documents filed in this case on November 27, 2019.[2]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2019

---

[2] Recognizing that once the filings are unsealed, the argument against unsealing becomes moot, the Court selected this future date to allow Mr. Kendrick, if he elects to do so, to appeal this order, *see* FED. R. APP. P. 4(a)(1)(A), to file a motion to stay the order, *see* FED. R. CIV. P. 62, or to take other legal action.

5